JOHN R. S. COSGROVE *vs.* F. X. KOHLER.

December 30, 1890.

**Replevin—Evidence of Title.**—Verdict, upon an issue as to the title to personal property, *held* to be unsustained by the evidence.

Appeal by plaintiff from an order of the district court for McLeod county, *Edson,* J., presiding, refusing a new trial after verdict for defendant in an action for the possession of a bull and two heifers, of the alleged value of $600, and for $500 damages for detention of them.

*Francis Cadwell,* for appellant.

*Little & Nunn* and *R. H. McClelland,* for respondent.

DICKINSON, J. This action is prosecuted to recover three head of young Hereford cattle, or the value of the same, the plaintiff alleging his ownership of the property. The defence is that the cattle were the property of one Cronan, and that the defendant (the sheriff of McLeod county) seized and sold them, or two of them, under an execution against Cronan. Upon the trial of this issue of title, the jury found for the defendant. The plaintiff appealed from an order refusing a new trial. The verdict was contrary to the evidence, and cannot stand. The case may be stated, in brief, as follows: For

many years the plaintiff has been largely engaged, in Le Sueur county, in raising, buying, and selling blooded stock,—horses and cattle. He testified that his herd of Hereford cattle numbered about 150 head. Two of the cattle in controversy he raised, and the third he purchased through an agent in Iowa. He sent these cattle, with one or more others, to McLeod county, in charge of an agent, one Arnott, to be sold; and afterwards employed Cronan to go there for the same purpose of selling them. They were then seized by the defendant, under his writ, as the property of Cronan. All the evidence as to title was in favor of the plaintiff. There was none to the contrary; nor do we discover any contradictions, improbabilities, or suspicious circumstances to cast discredit upon the plaintiff's case. It appears from the positive testimony of the plaintiff, his brother, and Cronan, all of whom appear to know the facts, that the plaintiff owned the property. There is nothing to show that Cronan ever owned or claimed to own it, or that his conduct respecting it was inconsistent with the relation of agent for the sale of it; and, according to the evidence, he had nothing to do with it except as the plaintiff's agent. While it does appear that Cronan took a note for the price of one of the cattle sold by him, and then negotiated it at a bank where the sale was made, it further appears that he accounted with the plaintiff for that. This is insufficient to oppose the strong and positive evidence of all the witnesses testifying on the subject that the plaintiff owned the property; nor is such evidence overcome by the fact that, more than four months after the execution sale, Cronan purchased one of the cattle (which is claimed not to have been sold by the sheriff) from a man in whose keeping it had been left, and who sold it to reimburse himself for the keeping.

Order reversed.